FARMERS AND MERCHANTS BANK OF WILLIAMSTON v.
GERMANIA LIFE INSURANCE COMPANY.

(Filed 16 March, 1910.)

**Evidence, Newly Discovered—Cumulative—New Trial.**

The newly discovered evidence relied on for a new trial being
cumulative, and the majority of the Court being of opinion with
the disposition of the case as reported in 150 N. C., 770, this
petition to rehear is dismissed.

HOKE, J., dissenting.

PETITION to rehear. This case tried at Spring Term, 1909, of
the Superior Court of MARTIN, and reported in 150 N. C.,
p. 770.

*Harry W. Stubbs, Wheeler Martin, H. A. Gilliam* and *W. W.
Clark* for plaintiff.
*John W. Hinsdale* and *Shepherd & Shepherd* for defendant.

BROWN, J. We have considered the petition to rehear this
cause with that care which its importance deserves. Although
impressed by the learned and well-considered supporting briefs
filed by defendants, we are unable to discover that we have over-
looked any authority or point called to our attention on the first
hearing of the case. An examination of the original briefs dis-
closes that every contention now made (except the newly dis-
covered evidence) was fully presented at that time, and the opin-
ion shows they were given due consideration. Upon re-examina-
tion we still think there was evidence which compelled his
Honor to submit the question of notice as to the fraudulent
character of the check sued upon to the jury, and that the in-
structions given were full and correct.

As to the newly discovered evidence, that consists of alleged
statements made by F. S. Fagan, cashier, and by one of the
directors of the plaintiff bank, Dr. Knight, since the trial of the
cause and while it was pending in this court; it is contended
that the alleged newly discovered evidence is important in that
it goes to show that, outside of any constructive notice which it
was claimed the plaintiff had of the limitations upon the author-
ity of Hall under his contract with the defendant, the plaintiff
had actual knowledge thereof.

We think that at best the newly discovered evidence is only
cumulative in character, consisting of declarations alleged to
have been made by plaintiff's witness since the trial to some of
defendant's attorneys, and that it is of no great importance.

Cox *v.* Lighting and Fuel Company.

The check sued on was one drawn by Miss Parham, not by Hall, and in pursuance of express authority given by defendant, as we have held. Any limitations imposed upon Hall's personal authority by his contract with defendant (which the newly discovered evidence is relied upon to fix the plaintiff with knowledge of), it would seem to us not to be decisive of the real question which controlled the Court.

It appears both from the majority and minority opinions that the vital questions were whether Hall and Miss Parham were engaged in a kiting business, and whether or not that fact was known to the plaintiff or could have been known by the exercise of reasonable diligence, and the further fact as to the authority of Miss Parham to draw the check sued on.

Were we triers of the fact, we might have reached a different conclusion, but the jury have found that the plaintiff had no knowledge of any such kiting, and that it could not in the exercise of ordinary care under the circumstances have obtained this knowledge.

We have held and still hold, that taking the evidence of the cashier and the testimony as a whole, the trial judge was not authorized to instruct the jury that in any view of it plaintiff was fixed with knowledge of the fraudulent character of the check sued on. The judge charged fully upon this phase of the case, and it was fully presented and carefully considered by this Court when the case was originally heard.

The petition to rehear is
Dismissed..

Mr. Justice Manning took part in the decision upon this petition and concurs with the majority opinion. Mr. Justice Hoke adheres to his concurrence in the former dissenting opinion of Mr. Justice Connor, as presenting his views.